MICHAEL VANGARA, PLAINTIFF, v. FISCHER BAKING COMPANY, DEFENDANT.

Submitted October 17, 1930—Decided April 2, 1931.

Before Justices CASE and DONGES.

For the rule, *Stein, McGlynn & Hannoch.*

Contra, *David T. Wilentz.*

PER CURIAM.

This is a defendant's rule to show cause why a verdict should not be set aside as against the weight of the evidence. The case was tried at Middlesex Circuit and resulted in a verdict in favor of the plaintiff in the sum of $5,500. The plaintiff, a man sixty-one years of age, employed by the Pennsylvania railroad as a laborer, was struck by defendant's truck while attempting to board a trolley car. The accident occurred at about one o'clock in the afternoon.

Plaintiff testified that on the day of the accident he left work and walked to the corner of Frelinghuysen and Haynes avenues in Newark to wait for a trolley car going north. It was raining. On the corner where he says he waited stands a one-story brick building. He says he stood against this building because of the rain until he saw the trolley approaching. He had waited there a half-hour. When the trolley came he walked out to the curb, stopped there and looked south. He saw the defendant's truck about seventy or seventy-five feet away. The trolley stopped. He stepped off the curb to walk out to the trolley and after proceeding about seven feet was struck by the truck. He said the truck was going fast but he could not tell how fast.

Thomas Carney, the operator of the trolley car, testified that he slowed down as he approached the intersection in question. At first he saw no one wanting to board his car and then saw the plaintiff running down Haynes avenue toward Frelinghuysen. Plaintiff was about twenty-five feet from the corner of the building down Haynes avenue. Carney stopped his car to wait for plaintiff. Plaintiff ran to the curb line, stopped, looked south, and then started to walk out to the trolley. He had proceeded about three or four feet when defendant's truck struck him. The truck went twenty-five feet after striking plaintiff and skidded slightly in stopping. The truck passed completely over plaintiff and witness saw the rear axle strike plaintiff's head. When the truck stopped plaintiff was lying a foot or two in back of the truck. He saw a fireman run up and assist in putting plaintiff in the truck.

This was the plaintiff's case.

The defense was that there was no trolley car at the corner when plaintiff ran out into the street. Harold Clover, driver of defendant's truck, testified that he had been running up Frelinghuysen avenue with a trolley on his left and a bus on his right, but that he had passed them two blocks before reaching the scene of the accident. He says on direct examination: "When I got within twenty feet of Haynes and Frelinghuysen avenues, I seen a figure leaving this building on Haynes avenue and Frelinghuysen avenue, well, I should judge, I was about twenty feet from that curb line when I seen this figure leave the building, and when I seen him leave the building I cut my truck to the left and applied both my brakes, causing my truck to go to the left and turn sideways, and proceeded about—I should judge the truck proceeded about ten or fifteen feet, when Mr. Vangara hit the right front fender with his head." He says the accident occurred right at the curb line of Haynes avenue. He says plaintiff was running in a bent position and did not look or stop before running out into Frelinghuysen avenue. His truck was going twenty miles an hour. After the accident plaintiff was lying at the right front wheel of the truck.

Arthur Erd, a fireman and a passenger on the bus mentioned above, testified for defendant. He testified that the bus stopped suddenly behind the truck which was turned partly across the street. That he got out and helped the driver raise plaintiff. That there was no trolley at the corner when he arrived there but it came along afterwards. He is very emphatic about this. He did not see the accident.

William H. Todd, the driver of the bus, did not see the accident. He says when he arrived at the corner there was no trolley there but that it arrived later.

The testimony is in conflict and the weight of the testimony is with the defendant. In addition to the testimony the circumstances support the defendant's version of the occurrence. In this situation a new trial should be ordered.

The rule to show cause is made absolute.